IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| OPIO D. MOORE, ) | |
|     Petitioner, ) | Case No. 7:22-cv-00338 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| WARDEN STREEVAL, ) | Chief United States District Judge |
|     Respondent. ) | |

**MEMORANDUM OPINION**

Opio D. Moore, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Moore claims that his conviction under 18 U.S.C. § 922(g)(1) is no longer valid in light of the Supreme Court's decision in Rehaif v. United States, 588 U.S. ___, 139 S. Ct. 2191 (2019). Moore raised the same claim in a prior petition filed in this court pursuant to § 2241, which was dismissed without prejudice for lack of jurisdiction. Upon review of the record, the court similarly concludes that it lacks jurisdiction over the current petition. Therefore, the court will dismiss the petition without prejudice.

## I.   BACKGROUND

The court previously summarized the procedural background of Moore's underlying criminal case as follows:

> Moore was found guilty of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) and conspiracy to commit said offense in violation of 18 U.S.C. § 371 after a four day trial in the United States District Court for the District of Maryland. He was sentenced to life in prison on the § 922(g) charge. Moore appealed to the Fourth Circuit, which upheld the conviction and sentence. Moore's certiorari petition to the United States Supreme Court was denied. Moore filed a habeas petition under 28 U.S.C. § 2255, which was denied by the Maryland district court. The Fourth Circuit denied a certificate of appealability, and the Supreme Court again denied certiorari. On

> March 18, 2020, the Maryland district court denied Moore's motion to be resentenced under the First Step Act and for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Moore v. Streeval, 7:20-cv-00551, 2021 U.S. Dist. LEXIS 178726, at *1–2 (W.D. Sept. 20, 2021) (citations omitted).

In September 2020, Moore filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he sought to challenge his § 922(g) conviction by way of the savings clause in 28 U.S.C. § 2255(e). Relying on Rehaif, Moore asserted that "he is actually innocent of the crime for which he was convicted and sentenced." Id. at *1; see also id. at *5 ("Moore claims that his lawyer did not apprise him of the knowledge of prohibited status element recognized in Rehaif, the trial court failed to instruct the jury as to this element, and the government did not prove that Moore knew he was a person prohibited from possessing ammunition. As such, Moore claims that he is actually innocent.").

On September 20, 2021, the court dismissed the petition for lack of jurisdiction. Id. at *10. The court determined that Moore had not met his burden of demonstrating that Rehaif changed the substantive law such that the conduct of which he was convicted is no longer criminal. Id. at *7. The court therefore concluded that Moore could not satisfy all of the requirements for invoking the savings clause of § 2255(e). Id. at *8 (applying the test set forth in In re Jones, 226 F.3d 328 (4th Cir. 2000) for determining whether a petitioner may challenge the validity of his federal conviction through a § 2241 petition via the savings clause).

Moore appealed the dismissal order to the United States Court of Appeals for the Fourth Circuit. On March 29, 2022, the Fourth Circuit affirmed the order, explaining as follows:

2

> Pursuant to § 2255(e), a prisoner may challenge his conviction in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.
>
> . . . .
>
> We have reviewed the record and, following the Supreme Court's decision in Greer v. United States, 141 S. Ct. 2090 (2021), find no reversible error in the district court's determination that Moore failed to demonstrate that 28 U.S.C. § 2255 is an inadequate or ineffective means of challenging his conviction. We thus affirm the order.

Moore v. Streeval, No. 21-7474, 2022 U.S. App. LEXIS 8317, at *1–2 (4th Cir. Mar. 29, 2022).

Moore filed the current petition on June 24, 2022. In the petition, Moore again argues that his § 922(g) conviction is invalid in light of Rehaif. See Pet., ECF No. 1, at 7 ("Rehaif demonstrates my conviction and sentence is in violation[] of the Constitution and laws of the United States, which makes my detention unlawful.").

## II. DISCUSSION

As a general rule, a federal prisoner who seeks to collaterally challenge the legality of his conviction or sentence must do so by filing a motion to vacate under § 2255. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). "Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves 'inadequate or ineffective to test the legality of [a prisoner's] detention.'" Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) (quoting 28 U.S.C. § 2255(e)). The requirements of the savings clause are jurisdictional. United States v. Wheeler, 886 F.3d 415, 425–426 (4th Cir. 2018). The petitioner bears the burden of demonstrating that he satisfies the savings clause requirements. See Hood v. United States, 13 F. App'x 72 (4th Cir. 2001) (finding no reversible error in the district court's conclusion that

3

the petitioner had "failed to satisfy his burden of demonstrating that [§ 2255] is an inadequate or ineffective means of challenging the validity of his detention").

The Fourth Circuit has crafted a three-part test for determining when a federal prisoner can challenge a conviction by way of the savings clause. In re Jones, 226 F.3d at 333–34. Under that test, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. (paragraph breaks added). If any one of these prongs is not satisfied, the court may not entertain a § 2241 petition challenging the validity of a federal conviction. See Wheeler, 886 F.3d at 425.

Upon review of the record in this case and in Moore's previous cases, the court again concludes that Moore has not satisfied the second prong of the Jones test.[*] He has not met his burden of demonstrating that Rehaif changed the substantive law such that the conduct of which he was convicted is no longer criminal. Stated differently, Moore has failed to plausibly allege that he would not be convicted of violating § 922(g)(1) in light of Rehaif. See Harrison v. Streeval, No. 7:21-cv-00267, 2022 U.S. Dist. LEXIS 53200, at *10 (W.D. Va. Mar. 24, 2022)

---

[*] The court is authorized to take judicial notice of the records in Moore's previous cases. See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); see also Brockington v. Boykins, 637 F.3d 503, 504 (4th Cir. 2011) (taking judicial notice of the plaintiff's conviction in state court); Lovalar v. de Santibanes, 430 F.3d 221, 224 & n.2 (4th Cir. 2005) (taking judicial notice of state court record that were not included in the record on appeal).

4

(explaining that the second prong of the Jones test "requires an assessment of the petitioner's conduct to determine whether he was convicted of conduct that is no longer criminal, effectively asking whether the petitioner still could be convicted of that crime after the change in law").

Section 922(g)(1) makes it unlawful for an individual to possess a firearm or ammunition if he "has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). In Rehaif, the Supreme Court clarified that a felon-in-possession charge under § 922(g)(1) requires the government to prove that the defendant "knew he was a felon when he possessed the firearm [or ammunition]." Greer, 141 S. Ct. at 2095 (emphasis omitted). The government's obligation in this regard is not "burdensome," however, as "knowledge can be inferred from circumstantial evidence," Rehaif, 139 S. Ct. at 2198 (internal quotation marks and citation omitted), including the defendant's criminal history. The Supreme Court's subsequent decision in Greer is instructive on this point:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets. That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a reasonable probability that, but for the Rehaif error, the outcome of the proceedings would have been different.

Greer, 141 S. Ct. at 2097 (internal quotation marks and citations omitted). In Greer, the Court ultimately concluded that the defendants had not met their burden of showing that the Rehaif errors in their respective cases affected their substantial rights, explaining as follows:

> Before their respective felon-in-possession offenses, both Greer and Gary had been convicted of multiple felonies. Those prior convictions are substantial evidence that they knew they were felons. Neither defendant has ever disputed the fact of their prior convictions. At trial, Greer stipulated to the fact that he was a felon. And Gary admitted that he was a felon when he pled guilty. Importantly, on appeal, neither Greer nor Gary has argued or made a representation that they would have presented evidence at trial that they did not in fact know they were felons when they possessed firearms. Therefore, Greer cannot show that, but for the Rehaif error in the jury instructions, there is a reasonable probability that a jury would have acquitted him. And Gary likewise cannot show that, but for the Rehaif error during the plea colloquy, there is a reasonable probability that he would have gone to trial rather than plead guilty.

Id. at 2097–98.

Although Greer involved unpreserved Rehaif claims raised on direct appeal, the Supreme Court's reasoning "applies with equal force" to Moore's Rehaif claim. Harrison, 2022 U.S. Dist. LEXIS 53200, at *14; see also Moore, 2022 U.S. App. LEXIS 8317, at *2 (finding no reversible error in the court's decision to dismiss Moore's previous § 2241 petition in light of the Supreme Court's decision in Greer). As in Greer, Moore stipulated at trial that he had a felony conviction at the time he possessed the ammunition charged in the indictment, and court records establish that Moore had been convicted of multiple felony offenses. See Trial Transcript, United States v. Moore, No. 8:08-cr-00203, ECF No. 139 at 37 (D. Md. July 30, 2010); Presentence Report, Moore v. Streeval, No. 7:20-cv-00551, ECF No. 14 at 16 (W.D. Va. Jan 22, 2021). In fact, Moore had a prior felony conviction in the United States District

Court for the District of Columbia for possession of a firearm by a convicted felon. Presentence Report, Moore v. Streeval, ECF No. 14 at 16; see also United States v. Moore, 104 F.3d 377, 379 (D.C. Cir. 1997) (affirming Moore's prior conviction under § 922(g)(1)). Moore's prior felon-in-possession conviction "in and of itself placed [him] on notice of his felon status." United States v. Woodberry, No. 18-4472, 2022 U.S. App. LEXIS 1316, at *2 (4th Cir. Jan. 18, 2022) (citing United States v. Benamor, 937 F.3d 1182, 1189 (9th Cir. 2019)). Additionally, Moore actually served a sentence longer than a year for that conviction and others in the District Court for the District of Columbia. Presentence Report, Moore v. Streeval, ECF No. 14 at 16. This evidence, considered collectively, makes it "virtually impossible to believe" that Moore did not know he had been convicted of a felony. United States v. Caldwell, 7 F.4th 191, 213 (4th Cir. 2021) (reaching the same conclusion on direct appeal where the defendant "stipulated at trial to having had [a felony] conviction" and "had, on several occasions, served sentences longer than a year"). Finally, as in Greer, Moore does not argue or suggest that he would have presented evidence at trial that he lacked knowledge of his status as a felon at the time he possessed the ammunition charged in the indictment. See Greer, 141 S. Ct. at 2098.

    Based on the foregoing, the court concludes that Moore has failed to demonstrate that the conduct of which he was convicted is no longer criminal in light of Rehaif. Because Moore has not satisfied the second prong of the Jones test, the court lacks jurisdiction over his petition.

### III.  CONCLUSION

For the reasons stated herein, the court concludes that Moore cannot proceed under § 2241 because his petition fails to meet the requirements to invoke the savings clause of § 2255. Therefore, the court **DISMISSES** the petition without prejudice for lack of jurisdiction. An appropriate order will be entered herewith.

Entered: July 8, 2022

Digitally signed by Michael F. Urbanski   Chief U.S. District Judge
Date: 2022.07.08 15:25:39 -04'00'

Michael F. Urbanski
Chief United States District Judge